CALIFORNIA BEAN GROWERS' ASS'N v. LEWELLYN BEAN CO.

CORPORATIONS — DISSOLUTION — SERVICE OF PROCESS UPON LAST PRESIDENT VALID.

In a suit against a corporation within a year after it voluntarily dissolved under the provisions of Act No. 84, Pub. Acts 1921, service of process upon the last president of the corporation was sufficient to confer jurisdiction upon the court (3 Comp. Laws 1915, § 12439), although he had resigned and his resignation been accepted before the dissolution proceedings were taken and the last two or

three meetings of the stockholders were presided over by the vice president.[1]

Appeal from Kent; Dunham (Major L.), J.    Submitted June 5, 1924.    (Docket No. 58.)    Decided October 6, 1924.

Bill by the California Bean Growers' Association against the Lewellyn Bean Company to set aside certain arbitration proceedings.    From an order denying a motion to quash a service of process, defendant appeals.    Affirmed.

*Knappen, Uhl & Bryant,* for plaintiff.

*Butterfield, Keeney & Amberg (Walter C. Kirk,* of counsel), for defendant.

MOORE, J.    This is an appeal from an order of the circuit court for the county of Kent, in chancery, denying a motion to quash service of process and to dismiss the cause.    Upon petition this court on September 11, 1923, granted leave to appeal from that order.    The bill of complaint was filed January 4, 1923, and in it is alleged the plaintiff is a California corporation and that defendant is a Michigan corporation, having its principal place of business in the city of Grand Rapids, Michigan.    Upon the filing of the bill of complaint a writ of summons was issued and on January 30, 1923, the same was returned and filed by the sheriff.    The return states service was made at the city of Grand Rapids "by delivering to Fred E. Lewellyn, the last president of said defendant, a true and compared copy thereof, subscribed to by the plaintiff's attorneys, an inscribed copy; at the same time showed to him the original, with the seal of the court impressed thereon."    The motion to quash service and

---

[1] Corporations, 14A, C. J. § 3898.

to dismiss the cause was overruled.    Defendant seeks a review of the order of the trial court.

The claim of appellant is succinctly stated in its last brief as follows:

"(*a*)  That section 12439, 3 Comp. Laws 1915, under which service of process was here adopted, has no application to a corporation which has ceased to exist through voluntary statutory proceedings.

"(*b*)  Mr. Lewellyn, upon whom service was made, was not the 'last president' of the company; that upon the acceptance of Mr. Lewellyn's resignation, Mr. Eastwood, the then vice-president, automatically became president and was, at the time of the service, the 'last president' of the company.

"(*c*)  The right to serve process on Mr. Lewellyn did not exist at the time the corporation was dissolved and was therefore not preserved to the appellee by the provision in Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053), and the statute relied upon to sustain the service made has no application to the facts in this case and does not justify the service attempted."

Counsel cite *Jacobs* v. *E. Bement's Sons,* 161 Mich. 417, as controlling.

It may be conceded that the service made was not authorized by the common law, and unless authorized by the statute must fail.

The statutes calling for construction are:

*First:*  The three-year statute, so-called, section 6, chapter 4, part 1, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [32]), formerly 3 Comp. Laws 1915, § 11335, 2 Comp. Laws 1897, § 8534), which reads:

"All corporations whose charters shall expire by their own limitation, or shall be annulled by forfeiture or otherwise, shall nevertheless continue to be bodies corporate, for the further term of three years, for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their affairs, to dispose of and convey their property, and to divide their capital stock; but not for the purpose of

continuing the business for which such corporations were organized."

*Second:* The statute under which the Lewellyn Bean Company was dissolved (subdivision 2 of chapter 4 of part 1 of Act No. 84, of the Public Acts of 1921 [Comp. Laws Supp. 1922, § 9053 (34-39)]) : This act, after specifying the steps that need be taken in order to dissolve the corporation, provides in section 12 that the president and secretary shall, when those steps have been taken, file a certificate of dissolution with the secretary of State.        Section 13 of the act is as follows:

"Upon filing such final certificate, the said corporation shall be deemed to be dissolved, its franchise surrendered, and all of its powers, rights and privileges extinguished: *Provided, however*, that nothing in this subdivision contained shall be construed as taking away or prejudicing any right of creditors to pursue any remedy at law or in chancery given by any law of this State with respect to such corporation, its stockholders or members, within such period as may be prescribed in the statutes of limitations."

*Third:* 3 Comp. Laws 1915, § 12439, which reads:

"When it may be necessary to institute suits against any corporation, which may have ceased to do business, or to keep up its organization by the appointment of officers or otherwise, or the term of whose existence may have expired by limitation, it shall be competent to serve any writ, declaration or other process in such suit, on either of the persons who have been the last presiding officer, president, cashier, secretary or treasurer thereof; and such service shall be as effectual to all intents and purposes as if made on such corporation."

The last quoted sections became the law after the decision in *Jacobs* v. *E. Bement's Sons, supra.*

The record shows that defendant company received its certificate of dissolution from the secretary of State in May, 1923.        The record also shows that the last president of the company was Frederick E. Lewellyn, though the vice president Mr. G. A. Eastwood presided at two or more of the meetings of the stockholders held after Mr. Lewellyn's resignation was accepted.

We think the statutes which we have quoted cover the situation as disclosed by this record.

The order of the trial court is affirmed, with costs to the appellee.

CLARK, C. J., and BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.    MCDONALD, J., did not sit.